UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 09-CV-62035-COHN/SELTZER

INTERCOASTAL REALTY, INC.,

    Plaintiff,

v.

PAUL TRACY,

    Defendant.

_____/

## ORDER DENYING MOTION TO DISMISS COUNTS I AND V OF PLAINTIFF'S AMENDED COMPLAINT

**THIS CAUSE** is before the Court on Defendant Paul Tracy's Motion to Dismiss Counts I and V of Plaintiff's Amended Complaint [DE 25] ("Motion to Dismiss"). The Court has carefully reviewed the Motion to Dismiss, Plaintiff's response [DE 30], Defendants' reply [DE 31], and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Intercoastal Realty, Inc. is a real estate company that specializes in the sale and marketing of luxury homes. DE 24 ¶ 6 ("Amended Complaint"). Plaintiff "utilizes the services of real estate agents who assist buyers and sellers of residential homes [to] conduct the purchase and sale of waterfront property in South Florida." Id. Joy Triglia ("Triglia") is a real estate agent who works for Plaintiff. Id.

Triglia worked at length on behalf of Defendant Paul Tracy ("Defendant" or "Lessor") to procure the sale of Defendant's multi-million dollar property located at 811 Poinciana Drive, Fort Lauderdale, FL 33301 ("the Property"). Id. ¶ 7. In early 2008, Defendant decided to lease the Property to Catherine DeFrancesco ("DeFrancesco" or

"Lessee"). Id. ¶ 8. Thereafter, on January 11, 2008, Defendant and DeFranceso executed a lease agreement ("the Agreement") for the Property. Id. The Agreement contained a purchase option. The purchase option provided as follows:

> **PURCHASE OPTION**  Lessee shall have the option to purchase at a price to be determined by negotiation among the lessor and lessee, should they be able to agree on a purchase price. In the event such a purchase option is exercised by lessee, they shall be entitled to apply 50% of the rental payments paid and received under this lease toward the purchase price. Lessor and Lessee acknowledge that Joy Triglia, Broker Associate, Intercoastal Realty, Inc., is the only agent involved in this transaction and shall be paid six percent (6%) commission on the total purchase price should Lessee purchase said premises from Lessor at any time during or proceeding this lease term.

Id. ("Purchase Option").

Defendant then "embarked on a course of conduct in an attempt to sell [the Property] without paying the six percent commission due under [the Agreement]." Id. ¶ 11. Specifically, on June 29, 2009, Defendant created a Florida Limited Liability Company named "811 Poinciana Drive, LLC" ("the LLC"). Id. Defendant was the initial member of the LLC. Id.

The same day that Defendant created the LLC, Defendant executed a warranty deed for the Property in favor of the LLC. Id. ¶ 12. The LLC paid $10.00 and "other good and valuable considerations" for the Property. Id. Defendant then transferred management and control of the LLC to DeFrancesco. Id. ¶ 13. "DeFrancesco executed a mortgage and security agreement, borrowing $550,000 from Meyer Florence and using [the Property] as security for the loan." Id. ¶ 14. DeFrancesco also executed a purchase money mortgage on behalf of the Property for the amount of $2,550,000.00. Id. The purchase money agreement reflected the LLC as the

2

mortgagor and Defendant as the mortgagee.  Id.  The purchase money agreement lists the Property as the security for the loan from Defendant to DeFrancesco.  Id.  Plaintiff therefore alleges that "rather than pay [Plaintiff] the commission it had earned when [Defendant] sold the multi-million dollar property to DeFrancesco, [Defendant] made the deliberate choice to engage in a course of conduct whereby [Plaintiff] would be wrongfully denied an approximately $240,000 commission due under the terms of the Lease Agreement."  Id. ¶ 15.

As a result, Plaintiff filed a complaint on December 28, 2009.  See DE 1 ("Complaint").  The Complaint alleged the following five counts: 1) Breach of Third Party Beneficiary Contract ("Count I"); 2) Breach of Quasi Contract and Unjust Enrichment ("Count II"); 3) Conspiracy to Deprive a Broker of a Commission  ("Count III"); 4) Violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA")  ("Count IV"); and 5) Breach of the Duty of Good Faith and Fair Dealing  ("Count V").  Defendant moved to dismiss all five counts.  See DE 15.  On April 16, 2010, the Court granted in part and denied in part the motion to dismiss.  See DE 21.  Specifically, the Court dismissed Counts I and V without prejudice and denied the motion as to the remaining claims.  See id.

On May 5, 2010, Plaintiff filed its Amended Complaint whereby it attempted to rehabilitate Counts I and V.  Defendant has moved the Court, for the second time, to dismiss those claims.  For the reasons stated below, the Court finds that the Amended Complaint states a cause of action for Breach of Third Party Beneficiary Contract as well as Breach of the Duty of Good Faith and Fair Dealing.  Accordingly, the Court will deny the Motion to Dismiss.

## II. DISCUSSION

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action. Glover v. Liggett Group, Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor. Twombly, 550 U.S. at 555. A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations. Id. Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### B. Breach of Third Party Beneficiary Contract

Under Florida law, "[a] person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract." Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd., 647 So. 2d 1028, 1030-31 (Fla. Dist. Ct. App. 1994). However, if the third party to the contract

is an intended third party beneficiary of the contract, the third party may maintain a breach of contract action against a party that breaches the contract.  Id. at 1031.  "A party is an intended beneficiary only if the parties to the contract clearly express, or the contract itself expresses, an intent to primarily and directly benefit the third party or a class of persons to which that party claims to belong."  Id.

Thus, to plead a cause of action for breach of a third party beneficiary contract, a plaintiff must plead the following elements:

> (1) a contract between A and B;
> (2) an intent, either expressed by the parties, or in the provisions of the contract, that the contract primarily and directly benefit C, the third party (or a class of persons to which that party belongs);
> (3) breach of that contract by either A or B (or both); and
> (4) damages to C resulting from the breach.

Id.  Additionally, to find the requisite intent, a plaintiff must show that both contracting parties intended to benefit the third party.  Id.  "It is insufficient to show that only one party unilaterally intended to benefit the third party."  Id. (citing Clark and Co. v. Dep't of Ins., 436 So. 2d 1013, 1016 (Fla. Dist. Ct. App. 1983)).

Here, the Agreement creates express rights for Plaintiff.  See Amended Complaint ¶ 8 ("Lessor and Lessee acknowledge that [Plaintiff] is the only agent involved in this transaction and shall be paid six percent (6%) commission on the total purchase price should Lessee purchase said premises from Lessor at any time during or proceeding this lease term.").  Plaintiff's Amended Complaint therefore satisfies the second element of the third party beneficiary test.  See Greenacre Props., Inc. v. Rao, 933 So. 2d 19 (Fla. Dist. Ct. App. 2006) ("A third party must establish that the contract either expressly creates rights for them as a third party or that the provisions of the

contract primarily and directly benefit the third party or a class of persons of which the third party is a member.").

Nonetheless, Defendant argues that Plaintiff has failed to allege a breach of the Agreement.  Specifically, Defendant points out that the Purchase Option requires Defendant to pay a commission to Plaintiff only if Defendant sells the Property to DeFrancesco.  According to Defendant, the event contemplated in the Purchase Option that would require Defendant to pay Plaintiff a commission (i.e., a sale from Defendant to DeFrancesco) never transpired.  Because the event contemplated in the Purchase Option never transpired, Defendant maintains that his failure to pay Plaintiff a commission was not a breach of the Agreement.  See Motion to Dismiss at 6.

Plaintiff, however, has alleged that the LLC was an alter ego of Defendant and DeFrancesco.  Amended Complaint ¶ 22.  Thus, Plaintiff asks the Court to pierce the LLC veil and find that Defendant breached the Agreement.  See id.; DE 30 at 3-4.

> [T]o pierce the corporate veil under Florida law, it must be shown not only that the wholly-owned subsidiary is a mere instrumentality of the parent corporation but also that the subsidiary was organized or used by the parent to mislead creditors or to perpetrate a fraud upon them.  In determining whether the corporate veil should be pierced, the relationship between the parent corporation and its subsidiary must be examined.

17315 Collins Ave., LLC v. Fortune Dev. Sales Corp., – So. 3d –, No. 3D09-2056, 2010 WL 1779903, at *1 (Fla. Dist. Ct. App. May 5, 2010) (quoting Ocala Breeders' Sales Co. v. Hialeah, Inc., 735 So. 2d 542, 543 (Fla. Dist. Ct. App. 1999)).

Here, the Amended Complaint contains allegations that Defendant created the LLC solely to circumvent his contractual obligation to pay Plaintiff a commission.  For example, the Amended Complaint alleges that the same day Defendant created the

LLC, Defendant sold the Property to the LLC for ten dollars.  Amended Complaint ¶ 12. The Amended Complaint further alleges that Defendant amended the LLC's articles of organization to name DeFrancesco as the new manager of the LLC.  Id. ¶ 13. Moreover,

> [o]n August 4, 2009, DeFrancesco executed a mortgage and security agreement, borrowing $550,000.00 . . . and using [the Property] as security for the loan.  More importantly, DeFrancesco executed a purchase money mortgage on behalf of [the LLC] for the amount of $2,550,000.00.  Per the purchase money agreement, [the LLC] was the mortgagor, and [Defendant] was the mortgagee.  Not surprisingly, the purchase money agreement lists the property located at 811 Poinciana Drive as security for the $2.55 million dollar loan from [Defendant] to Mrs. DeFrancesco.

Id. ¶ 14.  Thus, Plaintiff alleges, "[t]hese facts demonstrate that 811 Poinciana LLC was not a true buyer of the property, but an instrument through which [Defendant] could pass title."  Id. ¶ 21.  The Court agrees.  The Complaint alleges facts that show the LLC was a mere instrumentality used by Defendant to improperly circumvent a contractual obligation.  Stated differently, Plaintiff has alleged that Defendant used the LLC for an unjust purpose.  Cf. Dania Jai-Alai Palace, Inc., 450 So. 2d 1114, 1120-21 (Fla. 1984) ("Those who utilize the laws of this state in order to do business in the corporate form have every right to rely on the rules of law which protect them against personal liability *unless it be shown that the corporation is formed or used for some illegal, fraudulent or other unjust purpose which justifies piercing the corporate veil*." (emphasis added)).

According to Defendant, Plaintiff attempts to rewrite the Contract so that Defendant must pay Plaintiff a commission "if the subject Property was sold to any other person or entity other than DeFrancesco."  DE 31 at 4.  Nowhere in Plaintiff's submissions has Plaintiff advocated such a position.  Rather, Plaintiff takes the position

7

that Defendant, using an alter ego, sold the Property to DeFrancesco. Defendant concedes that Plaintiff "was to receive a commission in the event [Defendant] sold the Property to [DeFrancesco] at any time during or proceeding the lease term."[1] Id. at 10. The Court therefore finds that the Amended Complaint states a cause of action in Count I.

### C. Good Faith and Fair Dealing

"Under Florida law, every contract contains an implied covenant of good faith and fair dealing, requiring that the parties follow standards of good faith and fair dealing designed to protect the parties' reasonable contractual expectations." Centurion Air Cargo, Inc. v. United Parcel Serv. Co., 420 F.3d 1146, 1151 (11th Cir. 2005). A breach of the implied covenant of good faith and fair dealing is not, however, an independent cause of action. Id. Rather, the implied covenant of good faith and fair dealing attaches to the performance of a specific contractual obligation. Id.

The Eleventh Circuit has held that "a claim for a breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract." Id. (citing Alan's of Atlanta, Inc. v. Minolta Corp., 903 F.2d 1414 (11th Cir. 1990); Barnes v. Burger King Corp., 932 F. Supp. 1420, 1438-40 (S.D. Fla. 1996)). Thus, Defendant asserts that "because Count I (for breach of third party beneficiary contract) fails and should be dismissed, Florida law precludes

---

[1] Defendant asserts in the instant Motion to Dismiss, just as he did in his first motion to dismiss, that the Agreement did not require him to pay Plaintiff a commission for any sales that occurred *after* the expiration of the Lease term. The Court rejected this argument in its Order dated April 16, 2010. See DE 21. Because Defendant offers no new arguments on that point, for the reasons set forth in the Order date April 16, 2010, the Court again rejects this argument. Id.

a finding of breach of the covenant of good faith and fair dealing." DE 31 at 9. Defendant asserts no other grounds for dismissal of Count V.

As explained above, Plaintiff has adequately alleged a breach of the Agreement. Thus, Defendant's argument as to Count V is unpersuasive and the Court will deny the Motion to Dismiss.

### III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant Paul Tracy's Motion to Dismiss Counts I and V of Plaintiff's Amended Complaint [DE 25] is **DENIED**. Plaintiff shall file an answer to the Amended Complaint no later than July 12, 2010.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of June, 2010.

JAMES I. COHN
United States District Judge

Copies provided to counsel of record.